■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY CLARK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.) rendered November 18, 1987, convicting him of murder in the second degree, robbery in the first degree and burglary in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is reversed, on the law, the guilty plea is vacated, that branch of the defendant's omnibus motion which was to suppress statements to police is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The People concede that Detective Negliaccio did not have probable cause to arrest the defendant after his first interview. Nonetheless, immediately after the interview the detective told the defendant that he was a suspect and that he was under arrest. Thereafter he was given *Miranda* warnings and taken for a polygraph examination. The polygraph examination revealed that the defendant gave deceptive responses. Detective Negliaccio told the defendant that he failed the polygraph examination. At approximately 1:15 A.M. on the next morning, the defendant confessed to the crime. He signed a statement at 1:30 A.M. and made a videotaped statement at 3:18 A.M.

The hearing court denied suppression of the defendant's statements, finding that "although the police officer testified he was under arrest it seems to be unclear whether or not any formal procedures were taken". The court further found that the formal arrest took place subsequent to the lie detector test at which time the detectives had probable cause to arrest the defendant.

"Neither formal arrest nor mere investigatory focus is the hallmark of whether interrogation is custodial" *(People v Turkenich,* 137 AD2d 363, 366). Rather an individual is deemed to be in custody when he has been "deprived of his freedom of action in any significant way" *(Miranda v Arizona,* 384 US 436, 444; *People v Turkenich, supra,* at 366). In deciding whether the accused was in custody prior to being interrogated, the subjective beliefs of the accused are not determinative. The appropriate test is "what a reasonable [person], innocent of any crime, would have thought had he been in the [accused's] position" *(People v Yukl,* 25 NY2d 585, 589, *mot to amend remittitur denied* 26 NY2d 845, 883, *cert denied* 400 US 851; *People v Turkenich, supra,* at 367). Since the defendant was told that he was a suspect and under arrest we must conclude that he was in custody. Accordingly, since the People concede that this arrest was made without probable cause, the defendant's statements should have been suppressed.

The People's attenuation theory *(see, People v Rogers,* 52 NY2d 527), which was not raised at the hearing, is unpreserved for appellate review *(see, People v Dodt,* 61 NY2d 408, 416; *People v Laskaris,* 82 AD2d 34, 42). In any event, the People's contention is without merit. The temporal relationship between the arrest and confession is inconclusive as to whether the confession was a product of the illegal arrest *(see, Dunaway v New York,* 442 US 200, 220 [Stevens, J., concur-

ring]). Moreover, since the polygraph examination was used in this case as another form of interrogation it cannot be considered an intervening circumstance which would operate to dissipate the taint of the illegal arrest *(see, People v Franklin,* 115 Ill 2d 328, 504 NE2d 80; *Commonwealth v Barnett,* 471 Pa 34, 369 A2d 1180). Lastly, we conclude that the arrest was not free from misconduct. The arrest had a quality of purposefulness *(see, Brown v Illinois,* 422 US 590) in that Detective Negliaccio recognized the need for additional evidence and sought to verify the defendant's story. Thus it cannot be said that the statements were sufficiently attenuated from the illegal arrest to remove the taint *(see, People v Harris,* 72 NY2d 614). Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.